UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TAMANTHA D. ISOM                                                         Plaintiff

v.                                                      Civil Action No. 3:25-cv-12-RGJ

UNIVERSITY OF COLORADO HEALTH                                          Defendants
and POUDRE VALLEY HEALTH CARE,
INC.[1]

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendants University of Colorado Health, d/b/a UCHealth ("UCHealth") and Poudre

Valley Health Care, Inc., d/b/a Poudre Valley Hospital Inc. ("PVHC") (together "Defendants")

move to dismiss *pro se* Plaintiff Tamantha Isom's ("Isom") complaint for lack of personal

jurisdiction and insufficient service of process. [DE 19]. Isom has not responded, and the time do

so has passed.  For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

### I.       BACKGROUND

Isom, a resident of LaGrange, Kentucky, was employed by Defendant UCHealth in Fort

Collins, Colorado from March 18, 2024 to June 20, 2024. [DE 20 at 86–87; DE 20-1 at 96]. She

alleges that during her employment, she was subjected to racial discrimination and harassment by

her coworkers, ultimately causing her to resign from her position. [DE 1 at 7; DE 1-1 at 13–14].

Accordingly, she brought this *pro se* complaint against Defendants under Title VII of the Civil

---

[1] Defendants note that Plaintiff's complaint incorrectly identifies Defendant University of Colorado Health
as "UCHealth Systems" and Defendant Poudre Valley Health Care, Inc. as "UCHealth Poudre Valley
Hospital." [DE 20 at 82 n.1]. The correct names are reflected in the caption of this order.

Rights Act. [DE 1 at 4]. In her complaint, Isom alleges that she was harassed by coworkers and staff "while employed at UCHealth/Poudre Valley Hospital." [DE 1 at 6].[2]

Defendants moved to dismiss Isom's complaint under Fed R. Civ. P. 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process. [DE 20 at 82]. They provide affidavits maintaining that both Defendants are incorporated and have their principal places of business in Colorado. [DE 20 at 87; DE 20-1 at 96; DE 20-3 at 109]. Moreover, they explain that neither Defendant provides services, maintains offices or employees, or directs marketing efforts toward Kentucky residents. [DE 20-1 at 96; DE 20-3 at 110]. Defendants also point out that Isom admits in her complaint that the alleged discriminatory acts took place in Colorado during her employment. [DE 20 at 83; DE 1 at 3]. Accordingly, the Defendants maintain that the "only connection this lawsuit has to Kentucky is that Plaintiff now resides in Kentucky." [DE 20 at 87].

Defendants also contend that Isom failed to effectuate proper service under either the Federal, Kentucky, or Colorado Rules of Civil Procedure. [DE 20 at 88]. They maintain that her initial attempted service on March 19, 2025 was ineffective because Isom herself served Defendants via certified mail, yet the Federal Rules require service to be completed by someone who is not a party to the lawsuit. [*Id.* at 89]. They further maintain that Isom's return summons failed to indicate that service was effectuated upon an individual authorized to accept service on behalf of Defendants. [*Id.*]. Finally, Defendants contend that Isom's later service attempt on May 13, 2025 on UCHealth was also ineffective because she attempted to serve UCHealth more than 90 days after filing her complaint. [*Id.* at 91].

---

[2] Defendants note that although Isom appears to treat Defendants as one entity and alleges that she was employed by "UCHealth/Poudre Valley Hospital," PVHC and UCHealth are "separate and distinct legal entities." [DE 20 at 82 n.1].

## II.    STANDARD

On a motion to dismiss under Federal Civil Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). When a defendant's motion for dismissal is properly supported by affidavits, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* The plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citation modified). The Court must view the pleadings and affidavits in a light most favorable to the plaintiff and should not "weigh the controverting assertions of the party seeking dismissal." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Theunissen*, 935 F.2d at 1458) (citation modified). Personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction can either be specific or general depending on the type of minimum contacts in a case. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994). General jurisdiction depends on continuous and systematic contact with the forum state, so that the courts may exercise jurisdiction over any claims a plaintiff may bring against the defendant. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). Specific jurisdiction, on the other hand, grants jurisdiction only when claims "arise out of or relate to" a defendant's contacts in the forum state. *Id.*

Moreover, it is well settled law that a plaintiff waives her claim by failing to respond to or refute arguments made by the defendant in a motion to dismiss, and "the Court assumes he concedes this point and abandons the claim." *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010); *see also Exch. Facilitator Co.,* 531 F. App'x 567 (6th Cir. 2013) (recognizing that the plaintiff had waived claim by failing to respond to or refute arguments made by the defendants in the district court); *Allstate Ins. Co. v. Global Med. Billing, Inc.,* 520 F. App'x. 409, 412 (6th Cir.2013) (same); *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) ("[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (quoting *Rouse v. Caruso*, No. 6-cv-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011))) (internal quotation marks omitted); *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn. 2021); *PNC Bank, Nat. Ass'n v. Goyette Mech. Co., Inc.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (dismissing claims that the plaintiffs failed to respond to in opposition to motion to dismiss, noting that "[a] plaintiff abandons undefended claims."). Thus, "[f]ailure to respond to a dispositive motion will be grounds for granting the motion." *Williams v. PBI Bank*, No. 3:13-cv-1166-DJH-CHL, 2017 WL 6940699 at *1, (W.D. Ky. Feb. 28, 2017) (citations omitted).

## III.    DISCUSSION

Defendants filed their motion to dismiss on June 3, 2025, [DE 19], and Isom has not filed any response or requested an extension of time to do so. Accordingly, Isom has abandoned her claims, and her failure to respond to Defendants' motion to dismiss within the allotted time period

4

by itself warrants dismissal of those claims. The fact that Isom is proceeding *pro se* does not absolve her of the requirement to oppose Defendants' motion to dismiss. *See Frailing v. Marquette Gen. Hosp., Inc.*, No. 2:05–cv–290, 2007 WL 1202385, *2 (W.D. Mich. Apr. 23, 2007) (granting defendant's unopposed motion to dismiss and stating, "[t]his Court understands that Plaintiff is representing herself *pro se* in this action; however, her status does not give her leave to ignore the Federal Rules of Civil Procedure . . . ."); *Miles v. Transunion*, LLC, No. 1:22-CV-281, 2022 WL 2342656, at *1 (N.D. Ohio June 29, 2022) (granting defendant's unopposed motion to dismiss without consideration of plaintiff's *pro se* status).

Even setting aside Isom's failure to respond to the motion to dismiss, dismissal is warranted for lack of personal jurisdiction. Isom has not made a prima facie showing that personal jurisdiction over the Defendants exists, and thus she has failed to meet her burden. *See Banet v. Cooper Companies, Inc.*, No. 4:24-CV-029-RGJ, 2025 WL 2810675, at *5 (W.D. Ky. Sept. 30, 2025) ("Where, as here, the Court resolves a Fed. R. Civ. P. 12(b)(2) motion solely on written submissions, 'the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal.'" (quoting *Air Prod.*, 503 F.3d at 549)). Rather, Isom's complaint states that she was employed by PVHC in Fort Collins, Colorado and that the alleged discrimination arose from that employment. [DE 1 at 3; DE 1-1 at 13–14]. She also admits that Defendants are incorporated in Colorado and have their principal places of business in Colorado. [DE 1-1 at 13]. The complaint fails to allege any facts suggesting that Defendants have a connection to Kentucky other than the fact that Isom—a former employee—now resides in Kentucky.

Defendants, on the other hand, provide affidavits attesting that both UCHealth and PVHC are incorporated in Colorado, with their principal places of business in Aurora, Colorado and Fort

Collins, Colorado. [DE 20-1 at 95; DE 20-3 at 109]. They also attest that, according to Isom's employment records, she was a resident of Colorado during the entirety of her employment. [DE 20-1 at 96]. Finally, both Defendants declare that they have never conducted any business in Kentucky, maintained property in Kentucky, engaged in marketing efforts in Kentucky, contracted to insure any persons in Kentucky, or made any charitable solicitations in Kentucky. [DE 20-1 at 96; DE 20-3 at 109–110].

In sum, the Court does not possess general jurisdiction over Defendants because the Defendants lack any "generic connections" to Kentucky—the forum state. *See Johnson v. Griffin*, 85 F.4th 429, 432 (6th Cir. 2023) (quoting *Power Invs., LLC v. SL EC, LLC*, 927 F.3d 914, 917 (6th Cir. 2019)). That is, the Defendants neither reside, nor regularly do business in, the state of Kentucky. Isom's complaint also fails to make any showing that Defendants have "continuous and systematic contact" with Kentucky or that her claims "arise out of or relate to" Defendants' contacts in Kentucky such that the Court may invoke specific jurisdiction. *See Kerry Steel, Inc.*, 106 F.3d at 149. In other words, she failed to make even an initial showing that the Court can assert either general or specific personal jurisdiction over Defendants. Defendants, on the other hand, provided affidavits testifying that they have no general or specific contacts with Kentucky. Once a defendant challenges personal jurisdiction, the burden is on the plaintiff to show that jurisdiction is proper. *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016). To do so, the plaintiff "may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts" showing the Court's jurisdiction. *Theunissen*, 935 F.2d at 1458. Isom has failed to set forth any facts countering Defendants challenge to personal jurisdiction. Accordingly, dismissal for lack of personal jurisdiction is warranted.[3]

---

[3] Because the Court finds that dismissal is warranted due to both Isom's failure to respond and the lack of personal jurisdiction, it need not address Defendants' argument that Isom failed to effectuate proper service.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [DE 19] is **GRANTED**.

The Clerk of Court is directed to correct Defendants' names in the case caption.

Rebecca Grady Jennings, District Judge
United States District Court

January 6, 2026